## IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA JACKSONVILLE DIVISION

**DENNIS CHRISTENSEN
DOC# 150454,**

      **Plaintiff,**

**v.**                             **Case No.: 3:22-cv-976-MMH-JBT**

**T. BOWDEN, ET AL.,**

      **Defendants.**

_____/

## DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS[1]

**Hayes**, **Rouselle**, and **Chapman** ("Defendants"), by and through undersigned counsel, hereby respectfully move this Court to grant its Motion for Judgment on the Pleadings, pursuant to Federal Rule of Civil Procedure 12(c). As grounds, Defendants state:

## MATERIAL FACTS

This Court is familiar with Plaintiff's allegations in his Amended Complaint as it previously correctly detailed Plaintiff's allegations within its Order granting in part and denying in part Defendants' Motion to Dismiss. *See* (Doc. 20 at 2-4).

Defendants have now filed an Answer which addresses Plaintiff's claims in

---

[1] Defendants have not conferred with Plaintiff about the contents of this Motion as there is no required conferral based on this Court's Local Rules. *See* M.D. Fla. Loc. R. 3.01(g).

his Amended Complaint. (Doc. 25). Based on the pleadings filed by the parties, this Motion follows.

## MEMORANDUM OF LAW

Motions for Judgment on the Pleadings are properly filed "[a]fter the pleadings are closed–but not early enough to delay trial." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is appropriate where there are no material facts in dispute and moving party is entitled to judgment as a matter of law." *Perez v. Wells Fargo N.A.*, 774 F. 3d 1329, 1335 (11th Cir. 2014). "In determining whether a party is entitled to judgment on the pleadings, [a court] accept[s] as true all material facts alleged in the non-moving party's pleading, and we view those facts in the light most favorable to the non-moving party." *Id*. (citing *Hawthoren v. Mac Adjustment, Inc.*, 140 F. 3d 1367, 1370 (11th Cir. 1998). "If a comparison of the averments in the competing pleadings reveals a material dispute of fact, judgment on the pleadings must be denied." *Perez*, 774 F. 3d at 1335 (citing *Stanton v. Larsh*, 239 F. 2d 104, 106 (5th Cir. 1956).

In this case, Plaintiff is proceeding on two remaining claims: a First Amendment claim and a Religious Land Use and Institutionalized Persons Act ("RLUIPA") claim against Defendants.[2] As relief, he seeks injunctive relief and

---

[2] Plaintiff also sues Defendants under the Religious Freedom Restoration Act ("RFRA"), the "KKK Act," and the 14th Amendment. (Doc. 8 at 4). However, none of these claim state a cause of action, as will be discussed.

2

damages against Defendants. There are several problems with Plaintiff's claims, and the only claim that should remain based on the pleadings in this case is his First Amendment claim against Defendants for damages.

## I. Plaintiff fails to state a claim against Defendants under RFRA.

It is settled that RFRA does not apply to the states. *City of Boerne v. Flores*, 521 U.S. 507 (1997). RLUIPA was intended to apply to the states that receive federal funding, and Plaintiff has sued under the statute. As a result, Plaintiff's RFRA claims must be dismissed.

## II. Plaintiff's claim under the "KKK Act" and the 14th Amendment should be dismissed as redundant to his claims brought under § 1983.

The Ku Klux Klan Act of 1871[3] was passed after the civil war to provide relief through the 14th Amendment, and section 1 of the Act has become enshrined within 42 U.S.C. § 1983. *Brown v. State of Georgia Union*, 2023 WL 6544936, *1 FN 1 (M.D. GA September 18, 2023) (citing *Monroe v. Pope*, 365 U.S. 167, 171 (1961), *overruled in part on other grounds by Monell v. Dep't of Soc. Serv.*, 436 U.S. 658 (1978)). As Plaintiff has sued under § 1983, any claim by Plaintiff is redundant to his claims already being pursued.

---

[3] Defendants assume this is the act referenced by Plaintiff as he just refers to the act as the "KKK Act." (Doc. 8 at 4).

### III.    Plaintiff lacks standing to sue Defendants based on RLUIPA.

Prior to suing, a Plaintiff must demonstrate that he has standing. *Gardner v. Mutz*, 962 F. 3d 1329, 1336 (11th Cir. 2020). Standing is "'perhaps the most important' or alternatively, the 'most central,' of Article III's jurisdictional prerequisites." *Id*. at 1337. "[S]tanding doesn't arise and evanesce; rather it 'limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong.'" *Id*. "Assessing the plaintiffs' standing simply requires [courts] to determine whether their alleged injuries . . . constitute Article-III cognizable harms." *Id*.

To demonstrate standing, Plaintiff must demonstrate that (1) he suffered an injury in fact that is (2) traceable to Defendants and (3) is likely to be redressed by a favorable ruling. *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992). Additionally, "[b]ecause standing to sue implicates jurisdiction, a court must satisfy itself that the plaintiff has standing before proceeding to consider the merits of her claim, no mattery how weighty or interesting." *Gardner*, 962 F. 3d at 1338-39.

In this case, Plaintiff does not demonstrate an injury which is traceable to Defendants and any injury to Plaintiff is not likely to be redressed by a favorable ruling. As will be discussed, case law and Florida law clearly demonstrate a lack of traceability of Plaintiff's alleged injury to Defendants because the Florida

4

Department of Corrections, not Defendants, are charged with the enforcement of provisions which Plaintiff complains of. Additionally, Plaintiff's claims for injunctive relief are barred by the Eleventh Amendment and he likewise is not entitled to any damages other than nominal damages.

    a. *Lack of traceability to Defendants.*

Plaintiff initially fails to demonstrate that he has standing due to a lack of traceability of injury to Defendants. Defendants are individual officers who work for the Florida Department of Corrections ("FDC"). (Doc. 8 at 8-9). Plaintiff does not allege that Defendants have any on what policy decisions are made by FDC relating to religion. *Id. generally*. Instead, the task of determining the contours of FDC's religious policy rests with FDC itself or with its Secretary. § 20.315, Fla. Stat. (2024).

The Eleventh Circuit has held that "an injury is not fairly traceable to the actions of a defendant if caused by the 'independent action of third party not before the court.'" *Swann v. Secretary of Georgia*, 668 F. 3d 1285, 1288 (11th Cir. 2012). In this case, the injury allegedly caused to Plaintiff – namely not being able to carry unleavened bread to his cell and only eat it in the "chow hall," – is allegedly based on a policy created by FDC, not Defendants on an individual level. *See e.g.* (Doc. 8 at 10) (requesting injunctive relief that would "[a]llow Christians to separate from leaven, i.e., eat Passover in the dorms as [M]uslims are allowed

5

to."). Defendants are acting within the policy established by FDC, not creating policy themselves. As Plaintiff is taking issue with the alleged policy in its entirety, the proper party would be FDC, not Defendants. However, FDC is not before this Court.

    *b.  Lack of Redressability against Defendants.*

    Plaintiff also fails because of a lack of redressability on the part of Defendants. Each of the defendants is a lower-ranking officer that is not charged with enforcement of RLUIPA, and as a result are not proper parties. Additionally, Plaintiff's requested damages should be dismissed, and at most, Plaintiff may only be entitled to nominal damages.

    i.    <u>Defendants are entitled to Eleventh Amendment Immunity as it relates to Plaintiff's injunctive relief claims.</u>

    A state may not be sued in federal court unless it waives its sovereign immunity or its immunity abrogated by an act of Congress under section 5 of the Fourteenth Amendment. *Grizzle v. Kemp*, 634 F. 3d 1314, 1319 (11th Cir. 2019). The State of Florida has not waived its immunity to suits under § 1983 and neither § 1983 nor RLUIPA abrogate state sovereign immunity. *Sossamon v. Texas*, 563 U.S. 277 (2011); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 68-71 (1989); *Gamble v. Fla. Dep't of Health & Rehab. Servs.*, 779 F. 2d 1509, 1513-20 (11th Cir. 1986).

"The third way a state may be sued in federal court is the 'legal fiction' created by the United States Supreme Court in *Ex parte Young*, 209 U.S. 123 (1908), where 'a suit alleging a violation of the federal constitution against a state official in his official capacity for injunctive relief on a prospective basis is not a suit against the state, and accordingly, does not violate the Eleventh Amendment.'" *Claire v. Florida Department of Management Services*, 504 F. Supp. 1328, 1333 (Fla. N.D. 2020) (citing *Osterback v. Scott*, 782 F. App'x 856, 858 (11th Cir. 2019)). However, the "legal fiction is itself limited to only certain potential defendants as 'a plaintiff may not challenge a state law by choosing whichever state official appears most convenient and hailing them into federal court under the aegis of 42 U.S.C. § 1983.'" *Claire*, 504 F. Supp. 3d at 133 (citing *Support Working Animals, Inc. v. DeSantis*, 457 F. Supp. 3d 1193, 1208 (N.D. Fla. 2020)).

"Eleventh Circuit precedent makes it clear that for a case to proceed under *Ex parte Young*, a plaintiff must sue a state officer that *enforces* the statute in question." *Claire*, 504 F. Supp. 3d at 1333-34. "Under *Ex parte Young*, a litigant must bring his case 'against the state official or agency responsible for enforcing the allegedly unconstitutional scheme.'" *Osterback*, 782 F. App'x 858-59 (quoting *ACLU v. Fla. Bar*, 999 F. 2d 1486, 1490 (11th Cir. 1993)). "Where the named defendant lacks any responsibility to enforce the statue at issue, 'the state is, in fact, the real party in interest,' and the suit remains prohibited by the Eleventh

Amendment." *Osterback*, 782 F. App'x at 859 (quoting *Summit Med. Assocs., P.C. v. Pryor*, 180 F. 3d 1326, 1341 (11th Cir. 1999)).

In this case, the statue at issue is RLUIPA, and the proper enforcement and administration of the statute rests with FDC, or the Secretary for FDC. § 20.315, Fla. Stat. Plaintiff has not sued FDC or the Secretary for FDC, and instead is suing individual officers. *See* (Doc. 7 *generally*). Like in *Claire*, though the officers may be *involved* in FDC's implementation of RLUIPA, the enforcement of RLUIPA rests with the agency, not the individual officers. *Claire*, 504 F. Supp. at 1334. As a result, Plaintiff's claims against Defendants are barred by the 11th Amendment.

      ii.    <u>Plaintiff is not entitled to damages against Defendants under RLUIPA.</u>

Starting with Plaintiff's claims for damages under RLUIPA, the law is settled that States are not susceptible to private suits for monetary damages under RLUIPA. *Sossamon*, 563 U.S. 277. Likewise, the 11th Circuit has affirmatively concluded that individuals are not susceptible to private causes of action for damages under RLIUPA. *Smith v. Allen*, 502 F. 3d 1255, 1272-75 (11th Cir. 2007) *overruled in part by Sossamon*, 563 U.S. 277. As a result, Plaintiff's claims against Defendants for monetary damages under RLUIPA must be dismissed.

**IV.  Plaintiff is only entitled to nominal damages on his First Amendment claim.**

Though Plaintiff is not entitled to recover damages under RLUIPA, he may still be entitled to damages based on his First Amendment claim. *See* Fed. R. Civ. P. 54(c) (2024) (stating that, except for default judgments, "[e]very other final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleading"). Under the PLRA, for Plaintiff to obtain compensatory damages, he must demonstrate that he has suffered a greater than *de minimis* physical injury. 42 U.S.C. § 1997e(e) (2024); *Hoever v. Marks*, 993 F. 3d 1353, 1358 (11th Cir. 2021).

Within Plaintiff's Amended Complaint, he requests "actual damages for filing $450.00." (Doc. 8 at 10). This Court has interpreted Plaintiff's request as one for costs,[4] *see* (Doc. 20), but in an abundance of caution, Defendants interpret it as a request for compensatory damages since "actual damages" is generally understood to mean compensatory damages. *Birdsall v. Coolidge*, 93 U.S. 64 (1876). Though Plaintiff requests "actual damages," he is not entitled to them because he has not demonstrated any physical injury in his Amended Complaint that would satisfy the PLRA. Plaintiff's Amended Complaint is devoid of any mention of any physical injury.

---

[4] Even if the request was one for costs, unless Plaintiff was the prevailing party, he is not entitled to such relief. Fed. R. Civ. P. 54(d)(1); *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603 (2001).

Turning to punitive damages, such requests for damages are statutorily barred. "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs." 18 U.S.C. §3626(a)(1)(A) (2023). Moreover, to grant prospective relief, the Court must "fin[d] that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." *Id.* Furthermore, the Court must "give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief." *Id.*

Section 3626(a)(1)(A) applies to punitive damages because "prospective relief" is defined under the statute as "all relief other than compensatory monetary damages." 18 U.S.C. §3626(g)(7) (2023). *See also Johnson v. Breeden*, 280 F.3d 1308, 1325 (11th Cir. 2002) (finding that the plain language of the definition provision is clear and that "punitive damages are prospective relief").

As a categorical matter, punitive damages cannot satisfy the strict requirements of section 3626(a)(1)(A). First, punitive damages are never necessary to correct a violation of a Federal right. This is because "correction" of violation is accomplished through compensatory damages and punitive damages are, by their nature, never corrective:

> Although compensatory damages and punitive damages are typically
> awarded at the same time by the same decisionmaker, they serve

10

distinct purposes. The former are intended to redress the concrete loss that the plaintiff has suffered by reason of the defendant's wrongful conduct. The latter, which have been described as "quasi-criminal," operate as "private fines" intended to punish the defendant and to deter future wrongdoing. A jury's assessment of the extent of a plaintiff's injury is essentially a factual determination, whereas its imposition of punitive damages is an expression of its moral condemnation.

*Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424, 432 (2001) (cleaned up).

Second, even if an award of punitive damages could be thought reasonably "necessary" to correct a legal violation, such an award could not satisfy the additional, stringent limitations imposed by the PLRA—i.e., the requirements that the relief be "*narrowly drawn*," "extend[] *no further than necessary* to correct the violation of the Federal right," and be "*the least intrusive means necessary* to correct the violation of the Federal right." 18 U.S.C. §3626(a)(1)(A) (emphases added). *See United States v. Whyte*, 928 F.3d 1317, 1328 (11th Cir. 2019) (explaining that it is a "cardinal rule" of statutory interpretation that courts try to give "effect… to every clause… of a statute") (citation and internal quotation marks omitted)). Even if deterring future violations is conceptualized as one way of correcting a violation, punitive damages are never the "narrow[est]" or "least intrusive" way of effectuating such a correction. As the Supreme Court has explained, "[d]eterrence is… an important purpose of" the tort system created by section 1983, but such deterrence primarily "operates through the mechanism of

damages that are compensatory—damages grounded in determinations of plaintiffs' actual losses." *Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 307 (1986) (emphasis in original). Similarly, the Supreme Court has made "clear" that "nominal damages," not punitive damages, "are the appropriate means of 'vindicating' rights whose deprivation has not caused actual, provable injury." *Id.* at 308 n.11. Even assuming punitive damages are also an "appropriate" means of vindicating such rights, they are not less burdensome, more narrowly tailored, or less intrusive than nominal damages.

Although the Eleventh Circuit held in *Hoever*, 993 F.3d at 1364, that "[42 U.S.C.] §1997e(e) permits claims for punitive damages without a physical injury requirement," it expressly declined to consider whether section 3626 bars punitive damages. *Id.* at 1364 fn. 5. Because the Court did not consider the argument presented here, *Hoever* is not controlling on the issue. Moreover, in *Johnson v. Breeden*, 280 F.3d 1308, 1325-26 (11th Cir. 2002), the Eleventh Circuit interpreted section 3626(a)(1)(A) in a manner that indicates that it does not bar punitive damages.[5] However, the argument that section 3626 categorically bars punitive

---

[5] Specifically, the Court stated that section 3626's requirements "mean that a punitive damages award must be no larger than reasonably necessary <u>to deter</u> the kind of violations of the federal right that occurred in the case. They also mean that such awards should be imposed against no more defendants than necessary to serve <u>that deterrent function</u> and that they are the least intrusive way of doing so." 280 F.3d at 1325 (emphases added). It further stated that "[m]any factors may enter into that determination. For example, the number of… violations an individual

damages was not discussed, let alone rejected, in *Johnson*. Therefore, *Johnson* is not dispositive on the issue.[6] *See United States v. Mitchell*, 271 U.S. 9, 14 (1926) ("It is not to be thought that a question not raised by counsel or discussed in the opinion of the court has been decided merely because it existed in the record and might have been raised and considered."); *Webster v. Fall*, 266 U.S. 507, 511 (1925) ("Questions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents.").

The Circuit Courts apparently have yet to directly address whether punitive damages are barred by section 3626. *See e.g.*, *Hoever*, 993 F.3d at 1364 n.5 ("We decline the government's invitation to address the availability of punitive damages in prison condition cases under 18 U.S.C. § 3626, as it falls outside the scope of the *en banc* briefing question posed to the parties.") (citation omitted); *Al-Amin v. Smith*, 637 F.3d 1192, 1199 n.10 (11th Cir. 2011) ("Since we find that § 1997e(e) prevents Al–Amin, in the absence of physical injury, from offering evidence supporting an award of punitive damages in this action, we need not consider the validity or timeliness of Defendants' alternative argument that 18

---

defendant or institution has had might affect whether punitive damages were necessary, and if so, the amount required <u>to deter</u> future violations." *Id.* (emphasis added).

[6] To the extent that this Court is bound by *Johnson*, the argument that section 3626 bars punitive damages is presented here to preserve the issue for appellate review.

13

U.S.C. § 3626 prohibits punitive damage recovery as well."), *overruled by Hoever*, 993 F.3d at 1363-64; *Vaughn v. Cambria Cnty. Prison*, 709 Fed. Appx. 152, 155 n.2 (3d Cir. 2017) ("The Magistrate Judge stated that punitive damages were unavailable under 18 U.S.C. § 3626(a)(1)(A). … We offer no opinion on this issue at this time, and defer consideration of it in this proceeding because liability has not yet been found.") (citation omitted); *Wilkerson v. Stalder*, 329 F.3d 431, 434 n.3 (5th Cir. 2003) ("The district court chose to defer ruling on the prison officials' claim that the Prison Litigation Reform Act bars the inmates' claim for punitive damages until such time as liability is found. Therefore, this issue is not properly before the court on appeal.") (citation omitted). Because of the apparent absence of Circuit precedent directly addressing this argument, Defendants rely on the plain meaning of the text of section 3626.

Punitive damages are never "necessary to correct the violation of" a Federal right because, "[i]n the strictest sense of the term, something is 'necessary' only if it is essential." *Ayestas v. Davis*, 584 U.S. ___, 138 S. Ct. 1080, 1093 (2018) (citing Webster's Third New International Dictionary 1510 (1993); 10 Oxford English Dictionary 275–276 (2d ed. 1989)). *See also Necessary*, Black's Law Dictionary (11th ed. 2019) (defining necessary to mean "essential"). And the text and context of section 3626(a) indicate that Congress intended to use the term "necessary" in the strict sense of that word. Unlike the "necessary and proper

14

clause" of Article I, Section 8, for example, section 3626 uses the term "necessary" in the context of a "strict limitation[]," not a broad authorization. *See Johnson*, 280 F.3d at 1323. Similarly, the immediately surrounding text provides that relief is barred unless it is "narrowly drawn," "extends no further than necessary to correct the violation of the Federal right," and is "the least intrusive means necessary to correct the violation of the Federal right. 18 U.S.C. §3626(a)(1).

Punitive damages, however, are not even an appropriate mechanism for "correcting" a legal violation; to the extent that damages serve a "corrective" function, that is what compensatory damages are for. By definition, "compensatory damages" are "[d]amages <u>sufficient</u> in amount to indemnify the injured person for the loss suffered." *Damages*, Black's Law Dictionary (11th ed. 2019) (emphasis added). Accordingly, punitive damages are not even intended to "correct" a legal violation by making the injured party whole; still less are they an "essential" way of making the plaintiff whole.

Consistent with dictionary definitions, caselaw recognizes that punitive damages awards serve two purposes, "punishing unlawful conduct and deterring its repetition." *State Farm Mut. Auto Ins. Co v. Campbell*, 538 U.S. 408, 416 (2003) (quotation omitted). Neither of those purposes makes punitive damages "necessary to correct" a violation of Federal law. By definition, one may "correct" a violation of law without "penalizing" past misconduct or "deterring" potential future

15

violations. Ordinary English usage confirms that proposition. For example, one does not "correct" a future error before it happens; one seeks to deter it—i.e., to prevent it from happening in the first place. Likewise, punishment is not strictly necessary to remedy a wrong; instead, punishment serves other goals, like deterrence or retribution. *Cf. Kokesh v. S.E.C.*, 137 S. Ct. 1635, 1642 (2017) (distinguishing between remedies that are penalties, i.e. those that seek to punish, and those that seek to "compensate[e] a victim for his loss").

Moreover, reading section 3626 to categorically bar punitive damages does not prevent the court from fully remediating ongoing violations. In many civil actions with respect to prison conditions, a plaintiff alleges that his federal rights are being violated on an ongoing basis. In those cases, prospective relief may be warranted—for example, in the form of declaratory or injunctive relief that requires prison officials to "correct" their violation by bringing their conduct into conformity with the law. As this Court has explained, albeit in the context of interpreting section 1997e(e), such relief provides a "reasonably adequate opportunity" to seek redress for constitutional violations," even if prisoners "may not recover monetary damages for such claims." *Al-Amin*, 637 F.3d at 1197 (quotation marks and citation omitted).

What is more, to clear the high bar of the PLRA, relief other than compensatory monetary damages must extend "no further than necessary to correct

16

the violation of the Federal right of [the] particular plaintiff or plaintiffs." 18 U.S.C. §3626(a)(1) (emphasis added). Punitive damages awards aimed at protecting inmates generally (e.g., through deterrence), rather than correcting the violations suffered by the particular plaintiff bringing the suit, are thus prohibited. Moreover, not only must punitive damage awards be plaintiff-specific, they must be defendant-specific. Section 3626(a)(1) requires that they be "narrowly drawn," which means that any deterrent must be aimed at deterring the particular defendant, not the correctional facility or government in general.

Because this Court cannot find that punitive damages are necessary to correct a violation of Plaintiff's rights or are the least intrusive means necessary to do so, punitive damages are barred by section 3626(a)(1)(A). Therefore, Plaintiff's request for punitive damages must be dismissed.

## CONCLUSION

**WHEREFORE**, Defendants request that this Court grant Defendants' Motion for Judgment on the Pleadings and dismiss Plaintiff's claims as described herein.

Respectfully submitted,

**ASHLEY MOODY**
**ATTORNEY GENERAL**
Office of the Attorney General
The Capital, PL-01
Tallahassee, Florida 32399-1050
Telephone: (850) 414-3300
Facsimile: (850) 488-4872

/s Erik Kverne
Erik Kverne
Assistant Attorney General
Florida Bar No. 99829
Erik.Kverne@myfloridalegal.com

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing *Motion for Judgment on the Pleadings* was e-filed electronically through CM/ECF on January 24, 2024, and furnished by U.S. Mail to: Dennis Christensen, DC# 150454, Lancaster Work Camp, 3449 SW SR 26, Trenton, FL 32693-5641 on January 24, 2024.

/s Erik Kverne
Erik Kverne
Assistant Attorney General
Florida Bar No. 99829