UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DENNIS CHRISTENSEN,

        Plaintiff,

v.

        Case No. 3:22-cv-976-MMH-SJH

SERGEANT ROUSELLE,
et al.,

        Defendants.

_____

**ORDER**

**I.**    **Status**

Plaintiff Dennis Christensen, an inmate in the custody of the Florida Department of Corrections (FDC), initiated this action on August 31, 2022 (mailbox rule), by filing a pro se Civil Rights Complaint (Doc. 1; Complaint). Christensen is proceeding as a pauper (Doc. 6). After reviewing his Complaint, the Court directed him to file an amended complaint (Doc. 7). Christensen complied, see Amended Complaint (Doc. 8; Amended Complaint), and his Amended Complaint is the operative pleading.

Before the Court is Defendants' Motion for Judgment on the Pleadings (Doc. 26; Motion). Christensen filed a Response to Defendants' Motion (Doc. 31; Response). The Motion is ripe for review.

## II. Christensen's Allegations

Christensen names the following individuals at Lawtey Correctional Institution as Defendants in his Amended Complaint: (1) Sergeant Rouselle; (2) Sergeant Chapman; and (3) Sergeant Hayes.[1] See Amended Complaint at 3-4. According to Christensen, in 2022 his "religious practices for [the] week of Passover were halted by" Defendant Rouselle. Id. at 11. Christensen explains that when he attempted to leave the chow hall "with the balance of feast articles to compliment the unleavened bread which FD[]C had supplied [inmates] with earlier in the week," Defendant Rouselle told him he "could eat it there or throw it away." Id. at 8. Christensen contends that "[w]e were then informed for future meals we could bring the unleavened bread back into the chow hall and eat there." Id. at 8. According to Christensen, however, "[t]his defeats the main thrust of Passover Feast which is being separated from leaven products." Id. at 8-9. Christensen asserts that Defendants Chapman and Hayes "refused their affirmative duties by virtue of their oath[]s to stop the infringement of prisoner's retained religious rights as did the Wardens of FD[]C." Id. at 11; see id. at 9 ("[Defendants] Hayes and Chapman took action

---

[1] Christensen also named Warden T. Bowden, Warden C. Underhill, and Lieutenant B. King in the Amended Complaint. However, the Court previously granted in part a motion to dismiss filed by Defendants, and dismissed all claims against Defendants Bowden, Underhill, and King. See Order (Doc. 20).

of affirming [Defendant] Rouselle's illegal action of interference halting my religious activity[;] this went on for the week of their schedule.").

In his Amended Complaint, Christensen cites to the First Amendment Free Exercise Clause, the Religious Land Use and Institutionalized Persons Act (RLUIPA), the Religious Freedom Restoration Act (RFRA), "the KKK Act," and the Fourteenth Amendment. As relief, Christensen seeks injunctive relief forcing the prison to allow Christians to eat their Passover meals in the dorms, "actual damages for filing $450,"[2] and punitive damages in the amount of $200,000. Id. at 10.

### III. Legal Standard

Entry of a judgment on the pleadings is proper when there are no issues of material fact, and the movant is entitled to judgment as a matter of law. See Rule 12(c); Ortega v. Christian, 85 F.3d 1521, 1524 (11th Cir. 1996). Rule 7(a) defines "pleadings" as complaints, counterclaims, crossclaims, answers, and court-ordered replies to answers. See Rule 7(a). While a court's determination of a motion for judgment on the pleadings is ordinarily limited to a review of such "pleadings," certain documents attached to a complaint may also be considered on such a motion. See Tassinari v. Key West Water Tours, L.C., 480

---

[2] The Court granted Christensen's request to proceed as a pauper and assessed against him the $350 filing fee. See Order (Doc. 6).

3

F. Supp. 2d 1318, 1320 (S.D. Fla. 2007)³; Rule 10(c). Indeed, the Eleventh Circuit Court of Appeals has recognized that pursuant to the incorporation by reference doctrine, attachments to pleadings may properly be considered on a motion for judgment on the pleadings if the attachments are central to the plaintiff's claim, and are undisputed in that their authenticity is not challenged. See Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002) (holding that the incorporation by reference doctrine adopted in Rule 12(b)(6) decisions is also applicable to Rule 12(c) cases).

In ruling on a motion for judgment on the pleadings, the Court applies the same standard as applied when ruling on a motion to dismiss under Rule 12(b)(6). See Samara v. Taylor, 38 F.4th 141, 152 (11th Cir. 2022). Therefore, the Court must accept the factual allegations set forth in the complaint as true. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002); see also Lotierzo v. Woman's World Med. Ctr., Inc., 278 F.3d 1180, 1182 (11th Cir. 2002). In addition, all reasonable inferences should be drawn in favor of the plaintiff. See Randall v. Scott, 610

---

³ Although decisions of other district courts are not binding, the Court may cite them as persuasive authority. See Stone v. First Union Corp., 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that, "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects.").

F.3d 701, 705 (11th Cir. 2010). Nonetheless, the plaintiff must still meet some minimal pleading requirements. Jackson v. BellSouth Telecomms., 372 F.3d 1250, 1262-63 (11th Cir. 2004). Indeed, while "[s]pecific facts are not necessary[,]" the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Further, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Twombly, 550 U.S. at 555 (internal quotations and modification omitted); see also Jackson, 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal") (quotations, citation, and original alteration omitted). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]" which simply "are not entitled to [an]

5

assumption of truth." Iqbal, 556 U.S. at 678, 679. Thus, in ruling on a motion to dismiss, the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 570). And, while "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), "'this leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action.'" Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168-69 (11th Cir. 2014) (quoting GJR Invs., Inc. v. Cnty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998), overruled in part on other grounds as recognized in Randall, 610 F.3d at 709).

## IV. Defendants' Capacities

Some of Defendants' arguments in the Motion appear to assume that Christensen challenges a specific prison policy and brings official-capacity claims against Defendants. Before addressing Defendants' Motion, the Court clarifies the capacity in which Christensen sues each Defendant.

Although Christensen checked the "official capacity" box under each Defendant's name in the Amended Complaint, Christensen does not allege that an FDC policy, custom, or practice was either the moving force behind the

alleged violations of his rights or imposed a substantial burden on his religious exercise. Indeed, Christensen does not address or even mention any policy in his Amended Complaint. The only mention of a policy or procedure relating to Passover is found in former-Defendants Underhill's and Bowden's responses to Christensen's grievances, which Christensen attached to his Amended Complaint. See Doc. 8-1 at 2, 4. In his Amended Complaint, Christensen focuses his allegations on the specific actions of each individual Defendant:

> S[e]rgeant Rouselle abused his office by denying my exit with the balance of feast articles to compliment the unleavened bread which FD[]C had supplied us with earlier in the week. Rouselle informed me I could eat it there or throw it away. We were then informed for future meals we could bring the unleavened bread back into the chow hall and eat there. This defeats the main thrust of Passover Feast which is being separated from leaven products.
>
> S[e]rgeants Hayes and Chapman took action of affirming S[e]rgeant Rouselle's illegal action of interference, halting my religious activity. This went on for the week of their schedule. All of aforementioned state agents had ample time to correct their unwarranted and unconstitutional behavior but with callous interference, opted not to.

Amended Complaint at 8-9. In doing so, Christensen challenges these Defendants' individual actions—not an FDC policy, custom, or practice.

While a court liberally construes a pro se plaintiff's allegations, the Court cannot rewrite the plaintiff's allegations or raise claims for the plaintiff that

7

he did not raise.[4] See GJR Invs., Inc. v. Cnty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), overruled in part on other grounds as recognized in Randall v. Scott, 610 F.3d at 701, 709 (11th Cir. 2010) ("[E]ven in the case of pro se litigants this leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." (internal citations omitted)). Considering the allegations that Christensen sets forth in his Amended Complaint, the Court construes all claims to be brought against Defendants in their individual capacities only.[5]

## V. Analysis of Defendants' Motion

Defendants argue that (1) Christensen fails to state a claim under the RFRA; (2) Christensen's claims under "the KKK Act" and Fourteenth

---

[4] In the same vein, the Court will not address claims raised by Christensen for the first time in response to a motion. For example, in his Response, Christensen states: "Failure of FD[]C to take remedial action infers [sic] the agency has ratified the conduct complained of. The right implicated is also denial of Due Process, as provided by the Fourteenth Amendment." Response at 8. The Court will not address any due process claim because Christensen did not raise a due process claim in his Amended Complaint.

[5] The Court's reasoning in its January 3, 2024 Order (Doc. 20) is consistent with this finding. In that Order, the Court granted Defendants' request to dismiss all claims against Bowden, King, and Underhill in their individual capacities based on the theory of supervisory liability. The Court did not substantively construe Christensen's claims against Bowden, King, and Underhill as being in their official capacities, because Christensen did not challenge an FDC policy, custom, or practice. While the Court granted Defendants' request to dismiss any claims for monetary damages against Defendants in their official capacities, the Court did so when addressing Defendants' "[t]o the extent argument." Doc. 16 at 14 (To the extent that [Christensen] is suing Defendants in their official capacity, Defendants are entitled

Amendment are redundant to his claims under § 1983; (3) Christensen lacks standing to sue under RLUIPA; and (4) Christensen cannot seek compensatory or punitive damages on his First Amendment claim.

### a. RFRA Claims

Defendants argue that the RFRA does not apply to the states. See Motion at 3. They are correct. See Burwell v. Hobby Lobby Stores, Inc., 573 U.S. 682, 695 (2014) (recognizing that in City of Boerne v. Flores, 521 U.S. 507 (1997), the Supreme Court found that Congress exceeded its authority in applying the RFRA to the states); Brunskill v. Boyd, 141 F. App'x 771, 775 (11th Cir. 2005)[6] ("[T]he RFRA does not apply to state regulations or state actors."). Because Christensen only sues state actors, he cannot bring RFRA claims against them. Thus, Christensen's RFRA claims are due to be dismissed.

### b. "[T]he KKK Act" and Fourteenth Amendment Claims

Defendants argue that Christensen's claims under "the KKK Act" and the Fourteenth Amendment are redundant to his claims under § 1983. See

---

to immunity under the Eleventh Amendment."); id. at 15 ("[T]o the extent Defendants are sued in their official capacities and [Christensen] is seeking monetary damages, Defendants are immune . . . .").

[6] The Court does not rely on unpublished opinions as binding precedent; however, when cited in this Order it is because the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060-61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

Motion at 3 (citing Brown v. State of Georgia Union, No. 5:23-cv-313-TES-MSH, 2023 WL 6544936, at *1 n.1 (M.D. Ga. Sept. 18, 2023) ("42 U.S.C. § 1983 is a codification of part of the Ku Klux Klan Act of 1871 that allows individuals to sue state actors in federal court for violations of federal law.")). A review of Christensen's Amended Complaint and Response sheds no clarity on his reference to "the KKK Act." Nevertheless, the Court concludes that any separate claim under the KKK Act is due to be dismissed. Considering Christensen's allegations, and the fact that § 1983 is a codification of part of the KKK Act, the Court finds Christensen's reference to "the KKK Act" to be superfluous. See Riley v. Smith, 570 F. Supp. 522, 525 (E.D. Mich. 1983) ("Section 1983 was, of course, section 1 of the Civil Rights Act of 1871—the Ku Klux Klan (KKK) Act.").

    However, Christensen's citations to the Fourteenth Amendment in the Amended Complaint appear to refer to the Equal Protection Clause. See Amended Complaint at 4, 6. Christensen alleges that Muslim inmates are permitted to eat in their cells during Ramadan, but Christians are precluded from eating in their cells during Passover. See id. at 10 (requesting permission to eat in the dorms during Passover "as Muslims are allowed to"), 11-12 ("[T]here was no cost benefit nor occupant or guard effect for allowing the religious activity to proceed, as allowed to Muslim faith . . . ."); see also id. at 7

10

(addressing a former defendant, arguing that Muslim inmates are permitted to eat in their cells during Ramadan). Defendants fail to substantively address Christensen's claims against them under the Equal Protection Clause or explain how such claims are "redundant." Thus, with respect to the Fourteenth Amendment, the Motion will be denied.[7]

### c. RLUIPA Claims

Defendants argue that Christensen does not have standing to bring an RLUIPA claim because he "does not demonstrate an injury which is traceable to Defendants and any injury to [Christensen] is not likely to be redressed by a favorable ruling." Motion at 4. According to Defendants, the FDC, and not any of the named Defendants, is "charged with the enforcement of [the] provisions which [Christensen] complains of." Id. at 4-5.

The Eleventh Circuit has explained:

> Article III of the Constitution requires that there be a live case or controversy at the time that a federal court decides the case; it is not enough that there may have been a live case or controversy when the case was filed. The doctrine of mootness provides that the requisite personal interest that must exist at the

---

[7] To the extent Christensen cites to the Fourteenth Amendment simply as the vehicle by which the First Amendment is applicable to the States, see Virginia State Bd. of Pharmacy v. Virginia Citizens Consumer Council, Inc., 425 U.S. 748, 750 n.1 (1976) ("The First Amendment is applicable to the States through the Due Process Clause of the Fourteenth Amendment."), he does not state a separate cause of action under the Fourteenth Amendment.

11

> commencement of the litigation (standing) must continue throughout its existence (mootness).

KH Outdoor, L.L.C. v. Clay Cnty., Fla., 482 F.3d 1299, 1302 (11th Cir. 2007) (internal quotations and citations omitted). "To establish standing, a plaintiff must have: (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." Cambridge Christian Sch., Inc. v. Fla. High Sch. Athl. Ass'n, Inc., 115 F.4th 1266, 1281 (11th Cir. 2024) (internal quotations and citation omitted). "Standing is determined at the time the plaintiff files [a] complaint." Cook v. Bennett, 792 F.3d 1294, 1298 (11th Cir. 2015). However, even if a plaintiff has standing when the case is filed, subsequent events may make the case or certain claims moot. See Cambridge Christian Sch., 115 F.4th at 1283 ("Usually, a case must be dismissed as moot if events that occur subsequent to the filing of a lawsuit deprive the court of the ability to give the plaintiff meaningful relief." (internal quotations and citation omitted)). "The general rule in our circuit is that a transfer or a release of a prisoner from prison will moot that prisoner's claims for injunctive and declaratory relief." Smith v. Allen, 502 F.3d 1255, 1267 (11th Cir. 2007), overruled on other grounds by Hoever v. Marks, 993 F.3d 1353 (11th Cir. 2021) (citations omitted); Spears v. Thigpen, 846 F.2d 1327, 1328 (11th Cir. 1988) (finding moot a

prisoner's requests for injunctive and declaratory relief relating to his conditions of confinement because the prisoner was transferred to a different facility).

Upon review, the Court finds that Christensen's RLUIPA claims must be dismissed because he cannot obtain the relief he seeks. As recognized by Defendants, see Motion at 8, it is settled law that Christensen cannot obtain monetary relief against Defendants in their individual capacities under RLUIPA. See Davila v. Marshall, 649 F. App'x 977, 980 (11th Cir. 2016) ("RLUIPA does not authorize claims for monetary damages against prison officials in their individual capacities."). And while Christensen had standing to pursue injunctive relief at the time he filed the Amended Complaint, he has since been transferred, and thus, his request for injunctive relief—that Christians be allowed to eat Passover meals in their dorms—is moot.[8]

Had Christensen challenged the Passover policy or procedure and sued the Secretary, his request for injunctive relief would not be moot because he

---

[8] While Defendants do not directly raise the issue of mootness, "'mootness is jurisdictional.'" Keohane v. Fla. Dep't of Corr. Sec'y, 952 F.3d 1257, 1267 (11th Cir. 2020) (quoting Al Najjar v. Ashcroft, 273 F.3d 1330, 1335-36 (11th Cir. 2001)); see also 28 U.S.C. § 1915(e)(2)(B) (requiring a court to dismiss a case at any time if the Court determines the action fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief). "Any decision on the merits of a moot case or issue would be an impermissible advisory opinion." Al Najjar, 273 F.3d at 1336. Thus, the Court must address it sua sponte.

would be seeking a change to the policy that the Secretary could apply to all FDC institutions.[9] See Muhammad v. Jones, No. 22-12563, 2023 WL 5499969, at *3 (11th Cir. Aug. 25, 2023) (recognizing that claims against employees at Florida State Prison (FSP) sued in their official capacities for declaratory relief were mooted by the prisoner's transfer from FSP, but acknowledging that "a transfer between state prisons does not moot a request for injunctive relief against the head of the state prison system"). However, as explained previously, Christensen challenges the actions of Defendants Rouselle, Chapman, and Hayes at Lawtey Correctional Institution, but Christensen is no longer housed there. Indeed, shortly after he filed the Amended Complaint, Christensen was transferred to Cross City Correctional Institution (Doc. 9). In August 2023, he was transferred to Lancaster Correctional Institution (Doc. 18), and he remains at Lancaster Work Camp today.[10] Thus, as Christensen is no longer housed at Lawtey Correctional Institution, his request for injunctive

---

[9] Notably, Christensen contends that "[s]ome FD[]C prisons allow Christians to consume Passover Feast in the dorm. Seems to be up to the guard's discretion as the guard working the morning shift at Lawtey let Christians pass to [the] dorm to consume Passover Feast there, only S[e]rgeant Rouselle stopped us from leaving . . . ." Response at 9. Thus, the Passover policy or procedure appears to be inconsistently applied.

[10] See Florida Department of Corrections, Corrections Offender Network, available at https://pubapps.fdc.myflorida.com/OffenderSearch/Search.aspx (last visited Nov. 8, 2024).

14

relief against Defendants Rouselle, Chapman, and Hayes is moot. See Davila, 649 F. App'x at 980-81 ("[T]he district court properly dismissed as moot [the prisoner's] request for injunctive relief under RLUIPA because he had been transferred to another prison.").

For the foregoing reasons, Christensen cannot obtain any of the relief he requests against Defendants under RLUIPA. Accordingly, his RLUIPA claims are due to be dismissed.

    d.  Damages under the First Amendment

According to Defendants, Christensen is only entitled to recover nominal damages on his First Amendment claim. Motion at 9. Defendants also argue that punitive damages are statutorily barred. See id. at 10-17.

Initially, the Court notes that for the same reasons stated above, namely Christensen's transfer to a different institution, Christensen's request for injunctive relief under the First Amendment is moot. Insofar as Christensen requests compensatory damages,[11] "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental

---

[11] Contrary to Defendants' contention, the Court did not construe Christensen's request for "[a]ctual damages for filing $450" as a request for costs. See Motion at 9 ("This Court has interpreted [Christensen's] request as one for costs."). Instead, the Court simply noted that it granted Christensen's request to proceed as a pauper and assessed against him the $350 filing fee (as opposed to $450 as referenced by Christensen). See Order (Doc. 20) at 4 n.2.

or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." 42 U.S.C. § 1997e(e). To satisfy § 1997e(e), a prisoner must assert a physical injury that is more than de minimis. Brooks v. Warden, 800 F.3d 1295, 1307 (11th Cir. 2015). But the physical injury need not be significant. See Thompson v. Sec'y, Fla. Dep't of Corr., 551 F. App'x 555, 557 (11th Cir. 2014). Because Christensen fails to allege any physical injury, he cannot obtain compensatory damages.

As to punitive damages, Defendants argue that such "damages are statutorily barred." Motion at 10 (citing 18 U.S.C. § 3626(a)(1)(A)). Section 3626(a)(1)(A) provides:

> (1) Prospective relief. – (A) Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.

18 U.S.C. § 3626(a)(1)(A). Defendants are correct that punitive damages are considered "prospective relief" under § 3626. See Johnson v. Breeden, 280 F.3d 1308, 1325 (11th Cir. 2002) (holding "punitive damages are prospective relief"),

abrogated on other grounds by Kingsley v. Hendrickson, 576 U.S. 389, 395 (2015)). But their argument that punitive damages, as "prospective relief" under § 3626, are precluded in prisoner civil rights actions is unpersuasive. In Johnson, the Eleventh Circuit clarified, in the context of a § 1983 civil rights case, that § 3626(a)(1)(A) merely provides the framework for awarding punitive damages. Id. at 1325. The court explained "a punitive damages award must be no larger than reasonably necessary to deter the kind of violations of the federal right that occurred in the case . . . [and] that such awards should be imposed against no more defendants than necessary to serve that deterrent function and that they are the least intrusive way of doing so." Id.

Defendants acknowledge that "Circuit Courts apparently have yet to directly address whether punitive damages are barred by section 3626," Motion at 13, and this Court is unaware of any Eleventh Circuit decision that has addressed Defendants' specific argument here. Nevertheless, the Court cannot disregard the Eleventh Circuit's long-standing recognition that punitive damages are available in prisoner civil rights actions. Indeed, the Eleventh Circuit has held that 42 U.S.C. § 1997e(e) permits claims for punitive damages for § 1983 claims without a physical injury requirement. Hoever v. Marks, 993

F.3d 1353, 1364 (11th Cir. 2021).[12] And it has held "[p]unitive damages are appropriate in § 1983 cases 'where a defendant's conduct is motivated by evil intent or involves callous or reckless indifference to federally protected rights.'" Barnett v. MacArthur, 715 F. App'x 894, 905 (11th Cir. 2017). Also, the Eleventh Circuit Civil Pattern Jury Instructions on § 1983 damages include an instruction on awarding punitive damages. See Eleventh Circuit Pattern Jury Instruction, Civil Cases, Civil Rights – 42 U.S.C. § 1983 Claims – Damages § 5.13.

The Court also finds persuasive other district court decisions explicitly finding that § 3626(a)(1)(A) does not preclude an award of punitive damages in prisoner civil cases. See, e.g., Hart v. Hardbower, No. 5:23-CV-75-TKW/MJF, 2024 WL 4495507, at *1 (N.D. Fla. Oct. 15, 2024) (adopting the magistrate judge's recommendation "that 18 U.S.C. § 3626 'does not impose a categorical prohibition on an award of punitive damages'"); Brown v. Semple, No. 3:16cv376, 2018 WL 4308564, at *14 (D. Conn. Sept. 10, 2018) (collecting cases); Douglas v. Byunghak Jin, No. 11-0350, 2014 WL 1117934, at *4 (W.D. Penn. Mar. 20, 2014) (reasoning that if Congress "intended to abolish punitive

---

[12] In Hoever, the Eleventh Circuit declined to address the availability of punitive damages in prison condition cases under 18 U.S.C. § 3626. Hoever, 993 F.3d at 1364 n.5.

18

damages in all prisoner litigation under the PLRA, it would have done so directly, and in much plainer terms"). Thus, the Court declines to find that § 3626 precludes Christensen's request for punitive damages, and Defendants' Motion is due to be denied on this issue.

Accordingly, it is

**ORDERED**:

1. Defendants' Motion for Judgment on the Pleadings (Doc. 26) is **GRANTED in part and DENIED in part**:

   a. The Motion is **GRANTED to the extent** that Christensen's RFRA claims are **DISMISSED WITH PREJUDICE**, Christensen's claims under RLUIPA and "the KKK Act" and his request for compensatory damages are **DISMISSED WITHOUT PREJUDICE**, and his request for injunctive relief is **DISMISSED as moot**.

   b. The Motion is otherwise **DENIED**.

2. This case will proceed against Defendants Rouselle, Chapman, and Hayes in their individual capacities on the following claims: Fourteenth Amendment Equal Protection and First Amendment Free Exercise for nominal and punitive damages only.

3. Because the dispositive motion deadline has passed and no party filed a dispositive motion,[13] the Court directs the parties to confer in good faith regarding settlement of the remaining claims. If the parties are able to resolve the case, the parties shall immediately notify the Court. If the parties are unable to resolve the claims, the parties shall file a notice by **December 18, 2024**, advising whether they believe a settlement conference with a United States Magistrate Judge may be beneficial.

**DONE AND ORDERED** at Jacksonville, Florida, this 2nd day of December, 2024.

*[signature]*
MARCIA MORALES HOWARD
United States District Judge

JAX-3 11/22
c:
Dennis Christensen, #150454
Counsel of Record

---

[13] Defendants expressly declined to file a summary judgment motion. See Notice of Not Filing Motion for Summary Judgment (Doc. 45).